IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESUS MUNOZ AND | § | |
| JCM AUTOMOTIVE LLC D/B/A | § | |
| XPRESS AUTOMOTIVE | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO.: _____ |
| | § | |
| NORTHERN TOOL & EQUIPMENT | § | JURY TRIAL DEMANDED |
| CO., INC., TORIN, INC. AND | § | |
| TORIN JACKS, INC. | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANT NORTHERN TOOL & EQUIPMENT COMPANY INC.'S NOTICE OF REMOVAL

Defendant, NORTHERN TOOL & EQUIPMENT COMPANY INC., files this Notice of Removal under 28 U.S.C. § 1446(a).

## INTRODUCTION

1.      Plaintiffs are Jesus Munoz and JCM Automotive LLC d/b/a Xpress Automotive.

2.      Defendants are Northern Tool & Equipment Company, Inc., Torin, Inc. and Torin Jacks, Inc.

3.      On January 5, 2021, Plaintiffs filed suit against Defendants in the 234th Judicial District Court of Harris County, Texas.

4.      Defendant Northern Tool & Equipment Company, Inc., was served on January 15, 2021 and timely filed Defendant Northern Tool & Equipment Company, Inc.'s Original Answer on February 4, 2021 and requested a jury trial.

5.      Defendant Torin, Inc., has not been served to date or otherwise made an appearance in the state court action.

6.      Defendant Torin Jacks, Inc., has not been served to date or otherwise made an appearance in the state court action.

7.      Plaintiffs allege state law causes of action against Defendants for strict product liability, breach of express warranty, negligence, and gross negligence.

8.      Defendant Northern Tool & Equipment Company, Inc., timely files this Notice of Removal within thirty (30) days of actual receipt of Plaintiff's Original Petition.

9.      In accordance with the Federal Rules of Civil Procedure and Local Rules for the Southern District of Texas, the following documents are being filed contemporaneously with this Notice of Removal:[1]

> (a) Citation and Affidavit of Service for Defendant Northern Tool & Equipment Company, Inc.;
>
> (b) Copies of all state court pleadings;
>
> (c) Copies of all state court orders (none);
>
> (d) State Court docket sheet; and
>
> (e) List of all counsel of record, including addresses, telephone numbers and parties represented.

## BASIS OF REMOVAL

10.      Removal is proper because there is complete diversity between the parties.  28 U.S.C. § 1332(a).  Plaintiff Jesus Munoz is a resident of Harris County, Texas.  Plaintiff JCM Automotive LLC d/b/a Xpress Automotive is a Texas Limited Liability Company and Plaintiff Jesus Munoz serves as President.   Defendant Northern Tool & Equipment Company, Inc., is a foreign

---

[1] The documents comprising (a)-(d) are attached as Exhibit "B."

corporation with its principal place of business in Minnesota. Defendant Torin, Inc., is a foreign corporation with its principal place of business in California. Defendant Torin Jacks, Inc., is a foreign corporation with its principal place of business in California.

11.     Plaintiff's Original Petition, filed on January 5, 2021, indicates at paragraph 7: "Plaintiffs' claims and causes of action for actual damages exceed this Court's minimum jurisdictional limit. Plaintiffs seek damages in excess of ($1,000,000.00) one million dollars."

12.     Copies of all pleadings, process, orders, and other filings in the state-court suit are attached to this notice as required by 28 U.S.C. § 1446(a).

13.     Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district.

14.     Defendants will promptly file a copy of this notice of removal with the clerk of the state court where the suit is pending.

<u>**CONCLUSION**</u>

15.     Complete diversity exists between Plaintiffs and Defendants. The amount in controversy exceeds $75,000.00. For these reasons, Defendant, NORTHERN TOOL & EQUIPMENT COMPANY, INC., asks the Court to remove the suit to the United States District Court for the Southern District of Texas – Houston Division.

Respectfully submitted,

**DONATO BROWN POOL & MOEHLMANN**

By: */s/ Randy Donato*
    Randy Donato
    Attorney-In-Charge
    S.D. Texas Federal ID No. 5142
    State Bar No. 05973300
    3200 Southwest Freeway, Suite 2300
    Houston, Texas 77027
    Telephone:  (713) 877-1112
    Facsimile:   (713) 877-1138
    rdonato@donatobrown.com

**ATTORNEYS FOR DEFENDANT
NORTHERN TOOL & EQUIPMENT
COMPANY, INC.**

OF COUNSEL:
DONATO BROWN POOL & MOEHLMANN
Mike Prather
S.D. Texas Federal ID No. 31743
State Bar No. 24034634
Houston, Texas 77027
Telephone:  (713) 877-1112
Facsimile:   (713) 877-1138
mprather@donatobrown.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the 5th day of February, 2021, a true and correct copy of the above and foregoing has been served by:

☐certified mail, return receipt requested; ☐overnight delivery; ☐hand delivery; ☐United States first class mail; ☐facsimile transmission; ☒electronic transmission on the following counsel:

***<u>Attorneys for Plaintiffs</u>***
Stephen R. Walker
Gregory J. Finney
Juan A. Solis
LAW OFFICES OF MANUEL SOLIS, PC
6657 Navigation Blvd.
Houston, Texas 77011
Telephone: (713) 277-7838
Facsimile:  (281) 377-3924
swalker@manuelsolis.com
gfinney@manuelsolis.com
jusolis@manuelsolis.com

-and-

Hieu Q. Huynh
HUYNH & HUYNH, PLLC
7670 Woodway Drive, Suite 342
Houston, Texas 77063
Telephone: (713) 622-1111
Facsimile:  (281) 583-4578
hieu@huynhandhuynh.com

*/s/ Randy Donato*
Randy Donato

5

**EXHIBIT "A"**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESUS MUNOZ AND | § | |
| JCM AUTOMOTIVE LLC D/B/A | § | |
| XPRESS AUTOMOTIVE | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO.: _____ |
| | § | |
| NORTHERN TOOL & EQUIPMENT | § | JURY TRIAL DEMANDED |
| CO., INC., TORIN, INC. AND | § | |
| TORIN JACKS, INC. | § | |
| | § | |
| *Defendants.* | § | |

**INDEX OF MATTERS TO BE FILED**

1. Citation and Affidavit of Service for Defendant Northern Tool & Equipment Company, Inc.;

2. Plaintiffs' Original Petition and Request for Disclosures;

3. Defendant Northern Tool & Equipment Company, Inc.'s Original Answer and Jury Demand;

4. Harris County Docket Sheet;

   For items 1-4, *See* Exhibit "B."

5. A list of all counsel of record, including addresses, telephone numbers, and parties represented.

***Attorneys for Plaintiffs***
Stephen R. Walker
State Bar No. 24034729
Gregory J. Finney
State Bar No. 24044430
Juan A. Solis
State Bar No. 24103040
LAW OFFICES OF MANUEL SOLIS, PC
6657 Navigation Blvd.
Houston, Texas 77011
Telephone:  (713) 277-7838
Facsimile:   (281) 377-3924
swalker@manuelsolis.com
gfinney@manuelsolis.com
jusolis@manuelsolis.com

-and-

Hieu Q. Huynh
State Bar No. 24104003
HUYNH & HUYNH, PLLC
7670 Woodway Drive, Suite 342
Houston, Texas 77063
Telephone: (713) 622-1111
Facsimile:   (281) 583-4578
hieu@huynhandhuynh.com

***Attorneys for Defendant Northern Tool & Equipment Company, Inc.***
Randy Donato
S.D. Texas Federal ID No. 5142
State Bar No. 05973300
Mike Prather
S.D. Texas Federal ID No. 31743
State Bar No. 24034634
DONATO BROWN POOL & MOEHLMANN
3200 Southwest Freeway, Suite 2300
Houston, Texas 77027
Telephone: (713) 877-1112
Facsimile:   (713) 877-1138
rdonato@donatobrown.com
mprather@donatobrown.com

# EXHIBIT

# B

1/21/2021 12:53 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 49905467
By: SHANNON NORTH-GONZALEZ
Filed: 1/21/2021 12:53 PM

CAUSE NO. 202100449

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 907899  TRACKING NO: 73828984
EML

| | |
|---|---|
| Plaintiff:<br>MUNOZ, JESUS<br>vs.<br>Defendant:<br>NORTHERN TOOL & EQUIPMENT CO INC | In The 234th<br>Judicial District Court of<br>Harris County, Texas<br>201 CAROLINE<br>Houston, Texas |

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

**To:   NORTHERN TOOL & EQUIPMENT CO INC (A FOREIGN CORPORATION) SERVING THROUGH ITS**
**REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900, DALLAS TX 75201**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

This instrument was filed on January 5, 2021 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.**  You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

This citation was issued on January 7, 2021, under my hand and seal of said court.

Issued at the request of:

Walker, Stephen R
6657 NAVIGATION BLVD
HOUSTON, TX 77011
936-630-8910
Bar Number: 24034729

*Marilyn Burgess*

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:LISA THOMAS

Certified Document Number: 94027593 - Page 1 of 2

Tracking Number: 73828984

EML

## CAUSE NUMBER: 202100449

| | |
|---|---|
| **PLAINTIFF: MUNOZ, JESUS** | **In the 234th** |
| vs. | **Judicial District Court of** |
| **DEFENDANT: NORTHERN TOOL & EQUIPMENT CO INC** | **Harris County, Texas** |

### OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _11_ o'clock _A_. M. on the _14th_ day of _Jan._, 20 _21_. Executed at

(Address) 1999 Bryan St. # 900 Dallas, Tx. 75201

in

_Dallas_ County at o'clock _11:40 A_. M. On the _15th_ day of _Jan._, 20 _21_, by

Delivering to Northern Tool & Equipment Co. Inc. (a foreign corporation) c/o CT Corporation System, Reg. (legal) agent c/o Latoya Steen, Intake Specialist defendant, in person, a true copy of this Citation together with the accompanying _1_ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _15th_ day of _Jan._, 20 _21._

Fees $_____

_Roger Bigony_
Affiant Roger Bigony my # 5307/exp. 6/30/22

By_____
Deputy

On this day, _Roger Bigony_, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _15th_ day of _Jan._, 20 _21_

_Wendy Bigony_
Notary Public

WENDY BIGONY
My Notary ID # 5720903
Expires June 26, 2021

Certified Document Number: 94027593 - Page 2 of 2



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 3, 2021

Certified Document Number:      94027593 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

1/5/2021 3:55 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 49417745
By: Lisa Thomas
Filed: 1/5/2021 3:55 PM

CAUSE NO.: _____

| | | |
|---|---|---|
| **JESUS MUNOZ AND** | § | **IN THE DISTRICT COURT** |
| **JCM AUTOMOTIVE LLC D/B/A** | § | |
| **XPRESS AUTOMOTIVE** | § | |
| *Plaintiffs* | § | |
| | § | |
| **v.** | § | |
| | § | **____ JUDICIAL DISTRICT** |
| **NORTHERN TOOL & EQUIPMENT,** | § | |
| **CO., INC., TORIN, INC. AND TORIN** | § | |
| **JACKS, INC.** | § | |
| *Defendants* | § | **HARRIS COUNTY, TEXAS** |

---

**PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURES**

---

COME NOW, **Jesus Munoz and JCM Automotive LLC d/b/a Xpress Automotive,** ("Plaintiffs") complaining of **Northern Tool & Equipment Co., Inc., Torin, Inc., and Torin Jacks, Inc.** (hereinafter referred to collectively as "Defendants") and files this Original Petition and Request for Disclosures and for cause of action would show the Court as follows:

## I.
## DISCOVERY CONTROL PLAN

1.     Plaintiffs intend to conduct discovery under a Level Three Discovery Control Plan.

## II.
## PARTIES

2.     Plaintiff Jesus Munoz is an individual residing in Harris County, Texas. Plaintiff JCM Automotive LLC d/b/a Xpress Automotive is a Texas company owned and operated by Plaintiff Jesus Munoz.

3.     Defendant Northern Tool & Equipment Co., Inc. ("Defendant Northern") is a foreign corporation with its principal place of business in Minnesota. At all times material herein, Defendant Northern conducted business in the State of Texas. Furthermore, this cause arises

Certified Document Number: 93787340 - Page 1 of 10

specifically from Defendant Northern's business activity in this State. Defendant Northern can be served with process through its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

4.      Defendant Torin, Inc. ("Defendant Torin") is a foreign corporation with its principal place of business in California. At all times material herein, Defendant Torin conducted business in the State of Texas. Furthermore, this cause arises specifically from Defendant Torin's business activity in this State. Defendant Torin can be served with process through its registered agent for service of process, Jun Ji, 4355 E. Brickell St., Ontario, California 91761.

5.      Defendant Torin Jacks, Inc. ("Defendant Jacks") is a foreign corporation with its principal place of business in California. At all times material herein, Defendant Jacks conducted business in the State of Texas. Furthermore, this cause arises specifically from Defendant Jack's business activity in this State. Defendant Jacks can be served with process through its registered agent for service of process, Xiongbin Gu, 1641 W. Main St., Ste 402, Alhambra, California 91801.

### III.
### JURISDICTION & VENUE

6.      This Court has jurisdiction over Defendants because, at all times material herein, Defendants intentionally and/or foreseeably engaged in systematic and continuous contacts with the State of Texas, making this State their home state. Defendants have availed themselves of the laws of this State and conduct business in this State. The State of Texas has thus acquired both specific and general personal jurisdiction over Defendants and exercising jurisdiction over Defendants does not offend traditional notions of fair play and substantial justice.  Defendant Northern operates retail stores in Texas and sales jacks designed and manufactured by all Defendants in Texas.

Certified Document Number: 9378734O - Page 2 of 10

7.      Plaintiffs' claims and causes of action for actual damages exceed this Court's minimum jurisdictional limit.  Plaintiffs seek damages in excess of ($1,000,000.00) one million dollars.

8.      Venue is proper in Harris County, Texas pursuant to Texas Civil Practice and Remedies Code section 15.002(a)(2) because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

**IV.**
**FACTS**

9.      Plaintiffs purchased a Strongway 1000 lb. transmission jack ("Strongway Jack") from Defendant Northern's store located in Stafford, Texas to use in Plaintiffs' mechanic shop.  On January 11, 2019, the Strongway Jack was being used to install a transmission onto a vehicle.  The Strongway Jack failed and caused the transmission to fall on Plaintiff Munoz's foot.  As a result of the failure of the Strongway Jack, Plaintiffs suffered injuries and damages.

10.      At all times herein, Defendants designed, manufactured, and sold the Strongway Jack.

**V.**
**CAUSES OF ACTION**

*Strict Product Liability*

11.      Plaintiffs repeat herein all factual allegations set forth above and incorporates them herein by reference.

12.      At all times material to this action, Defendants were in the business of designing, manufacturing, marketing, distributing, and/or selling the Strongway Jack that failed and dropped the transmission on Plaintiff Munoz's foot. At the time of the Strongway Jack's failure, the Strongway Jack was in the same or substantially the same condition as it was at the time it was placed into the stream of commerce.

Certified Document Number: 93787340 - Page 3 of 10

13.     As the manufacturers of the Strongway Jack, Defendants are liable under the doctrine of strict products liability in tort for injuries produced by defects in the Strongway Jack that arise out of its design, manufacture, and/or marketing for defects in composition and construction.

14.     There were design and marketing defects at the time the Strongway Jack left Defendants' control that were the producing causes of the injuries to Plaintiffs and the resulting damages. Specifically, the Strongway Jack was unreasonably dangerous and defective as designed and manufactured, taking into consideration the utility of the Strongway Jack, safer alternative designs, and the risks involved in its use.

15.     The design and manufacturing defects include, but are not limited to, Defendants placing the mid neck in a position that did not distribute the load carried by the Strongway Jack evenly.

16.     The Strongway Jack was dangerous to an extent beyond that which would be contemplated by the ordinary user of the Strongway Jack with the ordinary knowledge common to the community as to the Strongway Jack's characteristics. Specifically, at the time the Strongway Jack was designed, manufactured, marketed, and sold by Defendants, the same was defective in design and unreasonably dangerous with respect to its susceptibility to overload the weight on one side, which was a producing cause of the Strongway Jack's failure and the injuries to Plaintiffs.

17.     Defendants knew or should have known that jacks such as the Strongway Jack were unreasonably dangerous due to their susceptibility to overload the weight on one side, yet continued to manufacture, design, market and sell the Strongway Jack to consumers and then failed to recall the same, which was a producing cause of the Strongway Jack's failure and the injuries to Plaintiffs.

18.     At the time, the Strongway Jack left the control of Defendants, there were safer alternative designs other than the design used to produce the Strongway Jack that would have prevented or

Certified Document Number: 9378734O - Page 4 of 10

significantly reduced the risk of failure and thus the injuries to Plaintiffs and resulting damages. Safer alternative designs include, but are not limited to, a jack that evenly distributes the weight.

19.     The alternative designs were both economically and technologically feasible by the application of existing or reasonably achievable scientific knowledge at the time the Strongway Jack left the control of Defendants.

20.     Defendants further failed to provide reasonable and adequate warnings to users of the Strongway Jack regarding the dangers of failure. The defect in the warning existed at the time the Strongway Jack left the control of Defendants. The likelihood and gravity of danger associated with the Strongway Jack and the feasibility of adding the proper warning far outweighed the ability of the user to anticipate the risk. Additionally, Defendants had a continuing duty to warn of the defective nature of the Strongway Jack after the jack left their control. The Defective and inadequate warnings caused the failure of the Strongway Jack and the injuries to Plaintiffs and resulting damages.

21.     The wheel and leg of the Strongway Jack were defective in construction and/or composition. The wheel and leg of the Strongway Jack should not have failed during use. The fact that the wheel and leg of the Strongway Jack failed and buckled indicates that it was defectively constructed and/or composed of defective materials. This defect in construction and/or composition existed when the Strongway Jack left the control of Defendants and deviated from other identical products. The defective construction and/or composition of the Strongway Jack was a producing cause of the Strongway Jack's failure and of the injuries to Plaintiffs.

***Breach of Express Warranty***

22.     In marketing and selling the Strongway Jack, which was defective and unreasonably dangerous when it left the control of Defendants, Defendants breached express warranties to

Certified Document Number: 9378734O - Page 5 of 10

consumers. The breaches of express warranties were a producing cause of the Strongway Jack's failure and the injuries to Plaintiffs.

*Negligence*

23.     At all times material, Defendants, by and through their officers, employees, agents and representatives, committed acts of omission and commission, which collectively and severally constitute negligence, and which were proximate causes of the injuries to Plaintiffs.

24.     Defendants' negligent conduct includes, but is not limited to, the following:

    a.  Negligently designing the Strongway Jack;
    b.  Negligently manufacturing the Strongway Jack;
    c.  Failing to properly train and/or supervise their employees who manufactured the Strongway Jack;
    d.  Failing to properly test the Strongway Jack;
    e.  Negligently operating the plant where the Strongway Jack was manufactured;
    f.  Installing poor quality control procedures at the plant where the Strongway Jack was manufactured;
    g.  Designing the Strongway Jack without proper safety features;
    h.  Failing to properly warn consumers of a known danger/defect in the Strongway Jack;
    i.  Failing to disclose post-sale information known about the dangers or defects in the Strongway Jack;
    j.  Concealing known dangers associated with the Strongway Jack; and/or
    k.  Failing to recall the Strongway Jack.

## VI.
## GROSS NEGLIGENCE

25.     Plaintiffs repeat herein all factual allegations set forth above and incorporates them herein by reference.

26.     The wrong done by Defendants in introducing the unreasonably dangerous and defective jack into the stream of commerce, and continuing to design, manufacture, and market the Strongway Jack, even after learning of its potential for serious injury and/or death, is the kind of gross negligence and callous disregard for which the law allows the imposition of exemplary damages.

Certified Document Number: 93787340 - Page 6 of 10

27.     Defendants knew of the dangers posed by the Strongway Jack, including its propensity to fail, but consciously disregarded the safety of the users of their products by continuing to manufacture and sell jacks such as the Strongway Jack and failing to recall the jack once they knew of its propensity to fail and cause catastrophic injuries.

28.     Defendants' conduct, when viewed objectively from Defendants' standpoint at the time of their conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were actually subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.

29.     Defendants' acts of omission and commission, which collectively and severally constitute gross negligence, were proximate causes of the incident in question and the injuries to Plaintiffs.

30.     The cap on punitive damages in section 41.008 of the Texas Civil Practice and Remedies Code is not applicable to this case because exceptions exist, including the exception under Subpart (c)(4) of section 41.008, Aggravated Assault under Penal Code section 22.02.

31.     The conduct complained of herein constitutes an offense of aggravated assault because such conduct was committed knowingly and/or recklessly and caused serious bodily injury to Plaintiffs.

## VII.
## DAMAGES

32.     Plaintiffs repeat herein all factual allegations set forth above and incorporates them herein by reference.

33.     As a producing, direct and proximate result of the injuries sustained by Plaintiffs, Plaintiffs have suffered damages in the past and in the future, including medical expenses, mental anguish, lost wages, lost profits, pain and suffering, disfigurement, and physical impairment.

Certified Document Number: 9378734O - Page 7 of 10

34.     Because Defendants are guilty of gross negligence, punitive damages should be assessed against them pursuant to Texas Civil Practice and Remedies Code section 41.003(a) in an amount to be determined by the jury.

## VIII.
## REQUEST FOR JURY TRIAL

35.     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs hereby demand trial by jury and have tendered the appropriate fee.

## IX.
## CONDITIONS PRECEDENT

36.     All conditions precedent to the institution of this suit have occurred.

## X.
## REQUESTS FOR DISCLOSURE

37.     Pursuant to Rule 194, Defendants are requested to disclose, within 50 days of service of this request, the information or materials described in Rule 194.2 (a)—(l).

## XI.
## TEXAS RULE OF CIVIL PROCEDURE 193.7 NOTICE

38.     Plaintiffs intend to use all documents produced by Defendants in discovery in pretrial proceedings and trial.

## XII.
## TEXAS RULE OF EVIDENCE 609(F) REQUEST

39.     Pursuant to Texas Rule of Evidence 609(f), Intervenor requests Defendants provide written notice of their intention to admit a criminal conviction, as defined by Texas Rule of Evidence 609, against any witness or any witness a testifying expert witness relies upon at least ninety (90) days before the end of the discovery period.

Certified Document Number: 93787340 - Page 8 of 10

# XIII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully pray that Defendants be cited to appear and answer, and that upon final hearing of this cause, Plaintiffs have the following:

a. Judgment against Defendants, jointly and severally, for the compensatory damages sustained by Plaintiffs as alleged herein in an amount in excess of the minimum jurisdictional limits of this Court and for which Plaintiffs sue.

b. Pre-judgment interest at the highest legal rate until the date of judgment;

c. Exemplary damages, as to each Defendant, in an amount to be determined by the trier of fact;

d. Post-judgment interest at the highest legal rate until paid;

e. All actual damages;

f. All court costs expended herein; and

g. Such other and further relief at law or in equity, general or special, to which Plaintiffs may be justly entitled.

Respectfully submitted,

LAW OFFICES OF MANUEL SOLIS, PC
6657 Navigation Blvd.
Houston, TX 77011
Phone: (713) 277-7838
Fax: (281) 377-3924

By:*/s/ Stephen R. Walker*
Stephen R. Walker
Texas Bar No. 24034729
Email: swalker@manuelsolis.com
Gregory J. Finney
Texas Bar No. 24044430
Email: gfinney@manuelsolis.com
Juan A. Solis
Texas Bar No. 24103040
Email: jusolis@manuelsolis.com

and

*9*

HUYNH & HUYNH, PLLC
7670 Woodway Drive, Suite 342
Houston, Texas 77063-1520
Phone: (713) 622-1111
Fax: (713) 583-4578

Hieu Q. Huynh
Texas Bar No. 24104003
hieu@huynhandhuynh.com

ATTORNEYS FOR PLAINTIFFS

Certified Document Number: 9378340 - Page 10 of 10

*10*



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   February 3, 2021

Certified Document Number:      93787340 Total Pages:  10

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

2/4/2021 10:09 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 50347044
By: Cynthia Clausell-McGowan
Filed: 2/4/2021 10:09 AM

CAUSE NO. 2021-00449

| | | |
|---|---|---|
| JESUS MUNOZ AND | § | IN THE DISTRICT COURT OF |
| JCM AUTOMOTIVE LLC D/B/A | § | |
| XPRESS AUTOMOTIVE | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| NORTHERN TOOL & EQUIPMENT | § | |
| COMPANY, INC., TORIN, INC. AND | § | |
| TORIN JACKS, INC. | § | |
| | § | |
| Defendants. | § | 234th JUDICIAL DISTRICT |

## DEFENDANT NORTHERN TOOL & EQUIPMENT COMPANY, INC.'S ORIGINAL ANSWER AND JURY DEMAND

TO HONORABLE JUDGE OF SAID COURT:

COMES NOW, Northern Tool & Equipment Company, Inc., ("Defendant"), (improperly named as Northern Tool & Equipment Co., Inc.) Defendant in the above entitled and numbered cause, and files this its Original Answer to Plaintiffs' Live Pleading and would respectfully show unto this honorable Court as follows:

### General Denial

1.     Pursuant to the provisions of Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each and every, singular and all of the allegations contained in Plaintiffs' live pleading, says the allegations contained therein are not true, either in whole or in part, and demands strict proof thereof.  Defendant further reserves the right to amend its answer at a future date in accordance with the Texas Rules of Civil Procedure.

### Comparative Negligence

2.     In the alternative, and subject to the foregoing without waiving same, Defendant alleges the comparative negligence of Plaintiffs, in failing to use ordinary care, was a proximate cause or

the sole proximate cause of their injuries, if any.  Defendant requests that at trial of this case the jury, pursuant to TEXAS CIVIL PRACTICES & REMEDIES CODE Chapter 33 et. seq., be asked to assess the comparative negligence, if any, of all parties to this lawsuit, all settling Defendants, and all Responsible Third Parties.

### Separate and Intervening Cause

3.      Pleading further and subject to the foregoing, without waiving same, Defendant herein would show that if Plaintiffs sustained any injury, disability, or other damage from the incident forming the basis of this lawsuit (which is denied), such injury disability, or damage was not caused by or related to Defendant's acts, omissions or operations, and was proximately caused, in whole or in part, by (a) separate and intervening condition(s) for which Defendant is not responsible.

### Acts of Third Parties

4.      Pleading further and subject to the foregoing, without waiving same, Defendant herein would show the incident complained of in Plaintiffs' live pleading was caused by the negligence, carelessness, and/or fault on the part of third parties or instrumentalities over which this Defendant had no control.  Said negligence, carelessness, and/or comparative fault on the part of such third party were either the sole cause, or in the alternative, a proximate cause, and/or a producing cause of the incident and injuries made the basis of this litigation.

### Credit, Contribution, and Indemnity

5.      Defendant invokes the doctrine of proportionate responsibility, responsible third parties, and contribution and requests that the Plaintiffs' recovery, if any, be reduced and apportioned in accordance with the provisions of the TEXAS CIVIL PRACTICE & REMEDIES CODE, including, but not limited to Chapter 33.  If Plaintiffs settle with any alleged tortfeasor, Defendant reserves its right to full credit for settlements under Chapter 33 of the TEXAS CIVIL PRACTICE & REMEDIES

Certified Document Number: 94254842 - Page 2 of 7

CODE.  This Defendant would also show that the acts and omissions of any such settling parties should be submitted for consideration by the jury in determining the relative responsibilities of all parties to the occurrence made the basis of this lawsuit.

6.      This Defendant request contribution and/or indemnity from any other named defendant, counter defendant, cross defendant, contribution defendant, responsible third party, or third-party defendant in accordance with the TEXAS CIVIL PRACTICE & REMEDIES CODE.

### Proof of Certain Losses

7.      Pleading further and subject to the foregoing, without waiving same, Defendant herein would show according to Section 18.091 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, Plaintiffs' alleged earnings, loss of earning capacity, loss of contributions of a pecuniary value, and/or loss of inheritance must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal and/or state income tax law.

### Evidence Relating to Amount of Economic Damages

8.      Pleading further and subject to the foregoing, without waiving same, Defendant herein would show that according to Section 41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE recovery of medical and health care related expenses should be limited to the amount actually paid or incurred.

### Offsets and Credits

9.      This Defendant would further show that if Plaintiffs settle with any alleged tortfeasor that Defendant is entitled to any and all offsets and credits allowed under the statutory and common laws of the state of Texas.

Certified Document Number: 94254842 - Page 3 of 7

### Medical Costs

10.     Pleading additionally, or in the alternative, Defendant asserts that the alleged medical damages sought by Plaintiffs, if any at all, are limited to what was actually paid or incurred by Plaintiffs pursuant to Section 41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

### Preexisting Injuries

11.     Pleading further and subject to the foregoing, without waiving same, in the event competent evidence is brought forward that Plaintiffs suffered from a pre-existing condition, not caused by any action or inaction on the part of this Defendant, Defendant would show that Plaintiffs are entitled only to any exacerbation of that preexisting condition, but not for the condition itself.

### Failure to Mitigate

12.     Pleading further and in the alternative, Defendant would show Plaintiffs failed to mitigate their damages as required under applicable law.

### Punitive Damages

13.     Pleading further and in the alternative, Defendant further asserts that Plaintiffs cannot recover punitive damages because present Texas law under which such damages are sought is impermissibly vague, imprecise and inconsistent and is in violation of the due process clause of the United States Constitution as well as the Fifth and Fourteenth Amendments.  To the extent they seek recovery of punitive damages, Plaintiffs' claims violate Defendant's rights to equal protection as provided in Article I, Section 3 of the Texas Constitution and the Fourteenth Amendment to the United States Constitution.  To the extent Plaintiffs seek recovery of punitive damages, it is an excessive fine and violates Defendant's rights under Article I, Section 13 of the

Certified Document Number: 94254842 - Page 4 of 7

Texas Constitution, and violates Defendant's right to substantive and procedural due process as provided in Article I, Section 19 of the Texas Constitution.

14.     Defendant asserts that Plaintiffs are not allowed to recover punitive damages in this matter under §41.005 of the Texas Civil Practice & Remedies Code because their injuries were the result of the criminal act(s) of another person.

### Documents to be Used

15.     Pursuant to Tex. R. Civ. P. 193.3(d) and 193.7, Defendant gives notice that it intends to use all documents exchanged and produced between the parties and/or made exhibits herein including, but not limited to, correspondence, disclosures, and discovery responses, during the trial of the above-entitled and numbered cause.

### Right to Amend

16.     Defendant respectfully reserves the right at this time to amend this Answer to the Plaintiffs' allegations after said Defendant has had the opportunity to more closely investigate these claims as it is the right and privilege of said Defendant under the Texas Rules of Civil Procedure and the laws of the State of Texas.

### JURY DEMAND

17.     Defendant respectfully requests TRIAL BY JURY.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, the above-named Defendant having fully answered herein prays for the relied sought in this Answer and for such other and further relief, both special and general, at law and in equity, to which the said Defendant may be justly entitled.

Certified Document Number: 94254842 - Page 5 of 7

Respectfully submitted,

**DONATO BROWN POOL & MOEHLMANN, PLLC**

*/s/ Randy Donato*
Randy Donato
TBN: 05973300
Mike Prather
TBN:  24034634
3200 Southwest Freeway, Ste. 2300
Houston, Texas 77027
Phone: (713) 877-1112
Fax: (713) 877-1138
rdonato@donatobrown.com
mprather@donatobrown.com

**ATTORNEY FOR DEFENDANT
NORTHERN TOOL & EQUIPMENT
COMPANY, INC.**

Certified Document Number: 94254842 - Page 6 of 7

<u>**CERTIFICATE OF SERVICE**</u>

**I hereby certify that, on the 4ᵗʰ day of February 2021, a true and correct copy of the above and foregoing has been served by:**

☐certified mail, return receipt requested; ☐overnight delivery; ☐hand delivery; ☐United States first class mail; ☐facsimile transmission; ☒ electronic transmission on the following counsel:

<u>*Attorney for Plaintiff*</u>
Stephen R. Walker
Gregory J. Finney
Juan A. Solis
Law Offices of Manuel Solis, P.C.
6657 Navigation Blvd.
Houston, Texas 77011
swalker@manualsolix.com
gfinney@manuelsolis.com
jsolis@manuelsolis.com

Hieu Q. Huynh
Huynh & Huynh, PLLC
7670 Woodway Drive, Ste. 342
Houston, Texas 77063
hieu@huynhandhuynh.com

*/s/ Randy Donato*
Randy Donato

Certified Document Number: 94254842 - Page 7 of 7



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 4, 2021

Certified Document Number:        94254842 Total Pages:  7

*Marilyn Burgess*

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Harris County Docket Sheet

# 2021-00449

**COURT:**   234th

**FILED DATE:**   1/5/2021

**CASE TYPE:**   Other Injury or Damage



---

**MUNOZ, JESUS**

Attorney: WALKER, STEPHEN R

**vs.**

**NORTHERN TOOL & EQUIPMENT CO INC**

---

| Docket Sheet Entries | |
|---|---|
| Date | Comment |